IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| KTK MINING OF VIRGINIA, LLC, ) | |
| a limited liability company organized ) | |
| under the laws of the State of Virginia, ) | |
| and Todd Kiscaden, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | Civil Action No.: 12-655-KD-C |
| ) | |
| CITY OF SELMA, ALABAMA, ) | |
| a municipal corporation incorporated ) | |
| under the laws of the State of Alabama; ) | |
| and WILLIAM T. RILEY, ) | |
| in his official capacity as the Chief of ) | |
| Police of the City of Selma, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Comes now the plaintiff, KTK Mining of Virginia, LLC, and with leave of Court first had and obtained, hereby amends its original complaint heretofore filed in this cause and as set out in this First Amended Complaint.

I.

PARTIES

1. The plaintiff, KTK Mining of Virginia, LLC (KTK), is a limited liability company organized under the laws of the State of Virginia, and having its principal place of business in the City of Richmond, Virginia, and it has registered with the Alabama Secretary of State and qualified to do business in Alabama. The business of KTK includes construction work. The plaintiff, Todd Kiscaden (Kiscaden), is a bona fide resident citizen of the state of Tennessee, and at no time relevant

to the allegations in this Complaint has Kiscaden been a bona fide resident citizen of the state of Alabama. Kiscaden is the sole member, manager and owner of KTK and in this Complaint he asserts in his individual capacity all rights and claims asserted by KTK in this Complaint and in each count thereof.

2.  The defendant, City of Selma, Alabama (City of Selma), is a municipal corporation organized under the laws of the state of Alabama, having its principal place of business in the City of Selma, Alabama.

3.  The defendant, William T. Riley (Chief Riley), is a bona fide resident citizen of Alabama who is sued in his official capacity as the Chief of Police of the City of Selma, Alabama.

**II.**

STATEMENT OF JURISDICTION

Federal Question Jurisdiction

4.  Part IV (Federal Claims) of this action arises under the First, Fifth and Fourteenth Amendments of the *United States Constitution* and is brought pursuant to the authority provided by 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3).

Diversity-of-Citizenship Jurisdiction

5.  Parts V and VII (State Law Claims and Appeal of Suspension/Revocation of Permit) of this action arises under diversity-of-citizenship jurisdiction, and is brought pursuant to 28 U.S.C. § 1332.  KTK is a limited liability company organized under the laws of the state of Virginia and having its principal place of business in the City of Richmond, Virginia.  Kiscaden is a bona fide resident citizen of the state of Tennessee and at no time relevant to the allegations in this Complaint has Kiscaden been a bona fide resident citizen of the state of Alabama. The defendant City of Selma

is a municipal corporation incorporated under the laws of Alabama and having its principal place of business in Alabama. The defendant Chief Riley is a resident citizen of the state of Alabama. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332 ($75,000).

## III.

FACTUAL ALLEGATIONS

6. On August 2, 2012, KTK entered into a contract with the Selma Chapter 53, United Daughters of the Confederacy (UDC)[1], for the consideration of $1.00, cash in hand and other good and valuable consideration, to perform construction work having a value when completed of $163,200, to make improvements to the Confederate Memorial Circle in Old Live Oak Cemetery, Selma, Alabama.[2] KTK agreed to perform this work on a non-profit basis and without any personal responsibility of Selma Chapter 53, UDC, to pay the expenses or costs of the project either individually or collectively, with all such costs and expenses being contributed by KTK on a non-profit basis, or being reimbursed by private contributions. KTK's contribution to the project was political speech in support of the preservation of historical memorials celebrating and depicting the Confederate role in the Civil War.

---

[1] UDC is and has been since approximately 1896 the licensee of City of Selma as licensor of the Confederate Memorial Circle portion of Old Live Oak Cemetery. At that time, UDC assumed responsibilities and duties of the Confederate Memorial Association with regard to the said Confederate Memorial Circle.

[2] The land comprising the cemetery was conveyed from Sally Jones to the City of Selma by a deed dated April 11, 1877. The approximate one acre comprising the Confederate Memorial Circle was granted or licensed to UDC's predecessor, Confederate Memorial Association by grant on April 17, 1877.

7. On August 6, 2012, KTK entered into a contract with the Friends of Forrest, Inc.[3] (Friends), having a value when completed of $56,300, to make improvements to the Confederate Memorial Circle in Old Live Oak Cemetery in Selma, Alabama, and to secure the Nathan Bedford Forrest Monument to be located on the north side of the C.S.A. Monument in the Confederate Memorial Circle. KTK agreed to perform this work on a non-profit basis and with all such costs and expenses being contributed by KTK, other than funds, supplies, and items, which the members of Friends may voluntarily wish to donate to the project. KTK's contribution to the project was political speech in support of the preservation of historical memorials celebrating and depicting the Confederate role in the Civil War.

8. Prior to August 3, 2012, the Selma Chapter 53, UDC, and Friends, submitted to the Selma Historic Development Commission an application and request for a Certificate of Appropriateness, for the "Rebuilding of the Gen. N.B. Forrest Monument and beautification and enhancement of Confederate Memorial Circle in Live Oak Cemetery . . . Selma, Alabama" as required and directed by Ordinance 01-9091 of the City of Selma. UDC and Friends submissions to the Historic Development Commission were made as licensees of the City for the purpose of obtaining approval of their intended actions in discharging their rights as licensees, to-wit: maintenance of the Confederate Memorial Circle.

9. On August 3, 2012, the Selma Historic Development Commission issued a Certificate of Appropriateness for the "Rebuilding of the Gen. N.B. Forrest Monument, beautification and enhancement of the Confederate Memorial Circle in Old Live Oak Cemetery" in the City of Selma.

---

[3] Friends of Forrest, Inc., is the twelve year (since February 26, 2001) licensee of City of Selma as licensor of the Nathan Bedford Forrest Monument portion of the Confederate Memorial Circle portion of Old Live Oak Cemetery.

The Certificate of Appropriateness was issued to both UDC and Friends.

10. On August 3, 2012, the City of Selma, Department of the Building Inspector, issued a building permit to KTK. At said time, KTK, acting through its manager, explained to the building inspector that the work was being done by KTK on a non-profit basis, for non-profit entities, and paid the amount required by the building inspector for the issuance of said building permit. KTK's work, for which it received a building permit, was pursuant to contract with the City's licensees, UDC and Friends.

11. In and during August, 2012, after the issuance of the said building permit, KTK began work required to perform its construction contracts in accord with the Certificate of Appropriateness issued by the Selma Historic Development Commission and the building permit issued by the City of Selma, Department of the Building Inspector. KTK expended approximately $90,000 in performing the contract work on behalf of the City's licensees before being stopped by Defendant Chief Riley on August 28, 2012.

12. On or about August 23, 2012, protestors entered the work area in the Old Live Oak Cemetery of the City of Selma, and attempted to block the efforts of KTK and its employees from completing the construction work.

13. On August 28, 2012, KTK and its employees returned to the work site in the Old Live Oak Cemetery in the City of Selma to resume the construction work, but were confronted by Chief Riley who told the KTK employees that they would be arrested if any work continued.

14. In accordance with the demands of Chief Riley, KTK employees quit the work site and caused a paid loaded concrete truck to be returned unused.

15. At the time that Chief Riley caused the construction work to be halted, no action had

been taken by the City of Selma or any of its commissions or departments to revoke or suspend either the Certificate of Appropriateness or the building permit issued to KTK.

16. KTK and its employees have not returned to the work site since the confrontation with Chief Riley on August 28, 2012.

17. On September 25, 2012, the City Council of the City of Selma, with no notice whatsoever to KTK, its officers or representatives, voted to "suspend" the building permit issued to KTK on August 3, 2012. KTK understands that the alleged reason for the suspension was at the insistence of the protestors to allow a court to determine the ownership of the Confederate Memorial Circle in Old Live Oak Cemetery in Selma, Alabama, with the protestors claiming that the City of Selma had never deeded that parcel to UDC or its predecessor in interest.[4] The Department of the Building Inspector which issued the building permit was not involved in the City Council's action to suspend KTK's building permit.

18. The Certificate of Appropriateness issued by the Selma Historic Development

---

[4] The minutes of the April 17, 1877, Selma City Council reflect that a Mrs. E.B. Dawson, president, and other ladies of the Confederate Memorial Association of Selma petitioned the City of Selma for the donation of an acre of ground in the central part of the cemetery upon which to erect a monument to the memory of the Confederate dead, and those minutes further reflect that "the petition of the 'Confederate Memorial Association' be granted and the designation to be appropriated to their use be received . . . ." Subsequently, a monument to the Confederate dead was constructed and the property has been continuously dedicated to said use since said time, with the United Daughters of the Confederacy being successor in interest to the Confederate Memorial Association. KTK asserts no ownership to the Confederate Memorial Circle, but maintains that the delivery, *vel non*, of a deed transferring title to the one-acre parcel is irrelevant because the 1877 resolution of the Selma City Council, which has never been either amended or rescinded, licensed the "*use*" of the parcel for the purpose of honoring Confederate dead. In fact, the Nathan Bedford Forrest Monument was moved to the Confederate Memorial Circle by the City of Selma, Alabama, on February 26, 2001, where it remained until an act of vandalism (the stealing of the bust from the top of the monument) damaged the monument, thus resulting in the need to further secure the monument, which is a part of the work which KTK has contracted to perform.

Commission has not been revoked or suspended.

19. The action taken by the City of Selma to suspend the building permit for KTK was done without any prior or advance notice to KTK and without allowing KTK to appear and be heard in opposition to said action. The licenses granted to UDC and Friends by the City are long-standing, are consistent with the customs and usages by the parties, have been affirmed and relied on by both parties, have led to the expenditure of substantial funds through the years by the licensees, have benefitted the licensor, and are now irrevocable.

20. The action by the Selma City Council was taken during public comments and at the insistence of protestors appearing before the City Council on September 25, 2012; the City is estopped from arbitrarily and capriciously and without legal authority revoking the licenses which provide the basis for UDC and Friends to contract with KTK for the work done, and to be done at the Circle; the Defendants' wrongful actions in stopping KTK's work and suspending the building permit illegally interfere with the rights of KTK to lawfully contract with the City's licensees, UDC and Friends, for improvements at Confederate Memorial Circle; and the rights of UDC and Friends, upon which their contracts with KTK are predicated, arise under an executed license with the City.

21. To the best of KTK's knowledge, information and belief, when the City Council voted to suspend KTK's permit, it did not direct its legal counsel to file any legal action seeking any determination as to any issue from any court, nor has any such legal action been filed. Therefore, the City Council's action to suspend KTK's building permit is tantamount to a revocation of said building permit in that the suspension is not limited by any period of time.

22. The actions of Chief Riley and the City Council acting on behalf of the City of Selma were done under color of law, and they have deprived KTK of its property rights guaranteed by the Fifth Amendment of the *United States Constitution* and of its right to due process of law guaranteed

by the Fourteenth Amendment of the *United States Constitution*. Their actions have also abridged KTK's right to freedom of speech and expression as guaranteed by the First Amendment to the *United States Constitution*.

23. The actions of Chief Riley and the City Council acting on behalf of the City of Selma have: deprived KTK from its right to perform its construction contracts; caused KTK to lose the benefit of the funds expended by it to be able to perform, and to perform, its construction contracts including salaries and wages paid to KTK employees, travel and lodging expenses of KTK employees, funds expended for construction materials; caused KTK to incur attorney's fees and legal expenses to seek legal redress of these wrongful actions of Chief Riley and the City of Selma and to incur other expenses associated with its performance of its contracts, all without due process of law. These actions have also deprived KTK of contract and property rights without just compensation and deprived KTK of its right to improve and beautify a memorial devoted to American Civil War dead, thereby abridging KTK's rights under the Fifth and First Amendments to the *United States Constitution* without due process of law guaranteed by the Fourteenth Amendment to the *United States Constitution*. The actions of the City and Chief Riley were done and performed in bad faith, maliciously, contrary to established law and for an improper purpose in order to deprive plaintiffs of their constitutional rights.

## IV.

## FEDERAL CLAIMS

COUNT ONE (FIRST, FIFTH AND FOURTEENTH AMENDMENT CLAIMS)

24. KTK adopts and realleges by reference paragraphs 1 through 23 of this Complaint.

25. KTK avers that the defendants by and through their said conduct set out above have acted under the color of statutes, ordinances, regulations, customs, or usages of the City of Selma

and the state of Alabama and have caused KTK to be deprived of its rights, privileges or immunities secured by the *United States Constitution*, particularly the First, Fifth, and Fourteenth Amendments thereto, and this action is brought pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343 (3) to redress the said Constitutional deprivations.

26.  KTK has been injured and damaged as set out herein above.

WHEREFORE, plaintiffs demand judgment against the defendants for all money damages allowed by law; together with injunctive relief as more particularly requested in Count Seven, and an award of reasonable attorney's fees and costs.

## V.

## STATE LAW CLAIMS

### COUNT TWO (TORTIUOUS INTERFERENCE WITH A CONTRACT)

27.  KTK adopts and realleges by reference paragraphs 1 through 23 of this Complaint.

28.  KTK avers that Chief Riley did on August 28, 2012, wrongfully and tortiously and intentionally interfere with KTK's performance of its said construction contracts, the existence of which were known to him, and without allowing KTK due process of law, and without legal justification.

29.  KTK has been injured and damaged as set out herein above.

WHEREFORE, plaintiffs demand judgment against the defendants for actual, compensatory and punitive damages in an amount exceeding, exclusive of interest and costs, the sum of $75,000.

### COUNT THREE (TORTIOUS INTERFERENCE WITH A CONTRACT)

30.  KTK adopts and realleges by reference paragraphs 1 through 23 of this Complaint.

31. KTK avers that the City of Selma did on September 25, 2012, wrongfully and tortiously and intentionally interfere with KTK's performance of its said construction contracts, the existence

of which were known to it, and without allowing KTK due process of law, and without legal justification.

32. KTK has been injured and damaged as set out herein above.

WHEREFORE, plaintiffs demand judgment against the City of Selma for actual, compensatory and punitive damages in an amount exceeding, exclusive of interest and costs, the sum of $75,000.

## COUNT FOUR (CONVERSION)

33. KTK adopts and realleges by reference paragraphs 1 through 23 of this Complaint.

34. KTK avers that the City of Selma did on August 28, 2012, acting by and through its agent, Chief Riley, and on September 25, 2012, acting through its governing body the City Council, exert dominion and control over all work, including materials, equipment and tools, that had been done by KTK in performance of its construction contracts without allowing KTK to enter and complete the work and without compensating KTK for work and labor done and expenses incurred in the performance of said contracts.  By its said conduct, the City of Selma committed the tort of conversion.

35. KTK has been injured and damaged as set out herein above.

WHEREFORE, plaintiffs demand judgment against the City of Selma and Chief Riley for actual, compensatory and punitive damages in an amount exceeding, exclusive of interest and costs, the sum of $75,000.

## COUNT FIVE (NEGLIGENCE AND WANTONNESS)

36. KTK adopts and realleges by reference paragraphs 1 through 23 of this Complaint.

37.  KTK avers that the City Council of the City of Selma did on September 25, 2012, contrary to law and without allowing due process of law, negligently and wantonly suspend the building permit which had been issued to KTK on August 3, 2012.

38. KTK has been injured and damaged as set out herein above.

WHEREFORE, plaintiffs demand judgment against the City of Selma for actual, compensatory and punitive damages in an amount exceeding, exclusive of interest and costs, the sum of $75,000.

### COUNT SIX (FRAUD)

39. (DELETED)

40. (DELETED)

41. (DELETED)

42. (DELETED)

43. (DELETED)

### VI.

### INJUNCTIVE RELIEF

### COUNT SEVEN (INJUNCTIVE RELIEF)

44. KTK adopts and realleges by reference paragraphs 1 through 38 of this Complaint.

45. KTK avers that preliminary temporary and injunctive relief is necessary in order to enable KTK to perform its contracts and to enjoin the defendants separately and severally from interfering with KTK in the performance of its contracts and to enjoin defendants from otherwise failing or refusing to enforce applicable law so that KTK may peaceably complete performance of its said contracts.

46. KTK further avers that injunctive relief is both necessary and proper under the pleading and proof in this cause and KTK will suffer irreparable harm if such relief is not granted in that it will be deprived of its rights under the First Amendment of the United States Constitution and may lose its right to perform its contract and to complete the construction work required thereby. Accordingly, KTK has no adequate remedy at law.

47. KTK further avers that injunctive relief is necessary to remedy the defendants' violations and deprivations of the plaintiffs' constitutional rights and to compel the defendants to withdraw the suspension of and/or to compel the defendants to reinstate KTK's building permit and allow KTK to perform and complete the work required by its construction contracts with UDC and Friends.

WHEREFORE, plaintiffs move this court for all appropriate injunctive relief including temporary, preliminary, and permanent relief for and against the defendants and all persons acting in concert with them and all persons attempting to unlawfully impede KTK in and about the performance of its said contracts.

## VII.

### APPEAL OF THE SUSPENSION/REVOCATION OF KTK'S BUILDING PERMIT BY THE CITY

### COUNT EIGHT

48. KTK adopts and realleges by reference paragraphs 1 through 38 and paragraphs 45 through 47 of this Complaint.

49. KTK appeals from the suspension/revocation on September 25, 2012, of the building permit issued on August 3, 2012, by the City through its authorized agents and asserts the following grounds for this appeal:

A. The City Council of the City of Selma acted without legal authority when it voted to suspend/revoke KTK's said building permit.

B. No provision of the *Code of Ordinances* of the City of Selma authorizes the City Council to suspend or revoke a building permit issued by the City's authorized agents.

C. The Certificate of Appropriateness issued by the Selma Historic Development Commission for the "Rebuilding of the Gen. N.B. Forrest Monument, beautification and enhancement of the Confederate Memorial Circle in Old Live Oak Cemetery" has not been suspended or revoked by the Selma Historic Development Commission.

D. At no time did the Department of the Building Inspector, which issued the building permit

to KTK, act, or cause any action to be taken, to suspend or revoke the said building permit.

E.  The action of the City Council of the City of Selma to suspend/revoke said building permit was done for an unlawful purpose, i.e., to deprive plaintiffs of their constitutional rights in order to placate protestors who appeared before the City Council of the City of Selma on September 25, 2012.

F.  The action of the City Council of the City of Selma to revoke/suspend the said building permit was done without any prior notice to KTK, its officers or representatives and without allowing KTK any opportunity to be heard in opposition to said action.

G.  The action of the City Council of the City of Selma to revoke/suspend the said building permit was done after KTK, in reliance upon said building permit, had commenced work and expended approximately $90,000 in performance of said work and at a time when the City Council of the City of Selma knew, or in the exercise of reasonable diligence should have known, that KTK had performed substantial work in accordance with and as allowed by the building permit.

H.  The minutes of the September 25, 2012, City Council meeting show that the suspension/revocation of the building permit was intended to be a final action of the City Council "until a Court ruling has been made as it relates to the use/ownership of the [Confederate Circle] property". Therefore, KTK has been left with no administrative remedy and the City has deferred to judicial action to resolve this controversy. Accordingly, it should now be estopped from complaining that KTK has failed to exhaust any administrative remedies with regard to the unlawful and unauthorized suspension/revocation of the validly issued building permit.

I. This Court has jurisdiction to entertain this appeal in accordance with the allegations in Part II, paragraph 5, of this Complaint.

WHEREFORE, plaintiffs demand that the action of the City Council of the City of Selma suspending/revoking KTK's building permit be declared unlawful and unauthorized and that the City of Selma be ordered and enjoined to immediately reinstate said building permit.

        s/John W. Kelly, III
        John W. Kelly, III (KELLJ8316)
        J. Wesley Kelly, IV (KELLJ1759)
        Attorneys for the Plaintiffs
        KELLY AND KELLY
        530 Tremont Street
        P.O. Box 303
        Selma, Alabama 36702-0303
        Telephone: (334) 875-5770
        Fax: (334) 875-5772
        E-mail: jkel@bellsouth.net


        John E. Pilcher (PILCJ2438)
        E. Elliott Barker (BARKE5557)
        PILCHER & PILCHER, P.C.
        P.O. Box 1250
        Selma, Alabama 36702-1250
        Telephone: (334) 872-6211
        Fax: 872-7433
        Email: jpilcher@wwisp.com
             ebarker@wwisp.com


## CERTIFICATE OF SERVICE

     I do hereby certify that I have on March 19, 2013, served a copy of the foregoing on the following parties to this proceeding by electronic filing or mailing the same by United States Mail, properly addressed, and first-class postage prepaid:

Mr. Rick A. Howard
Ms. April W. McKay
Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.
P. O. Box 4128
Montgomery, AL 36103-4128

        s/ John W. Kelly, III
        John W. Kelly, III